IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAORLINA
STATESVILLE DIVISION
DOCKET NO.: 5:11-cr-30

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH CATONE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Continued Release Pending Appeal, filed October 15, 2013, pursuant to 18 U.S.C. § 3143(b) and Fed. R. Crim. P. 46(c), (Doc. 55).

## I. BACKGROUND

On May 26, 2011, Defendant was arrested in the Middle District of North Carolina and was released on personal recognizance. He made his initial appearance in the Western District of North Carolina on June 3, 2011, and was released on an unsecured bond with pretrial services supervision.

On March 14, 2012, a jury trial was held. Defendant was convicted on Count One charging False Statements to Obtain Postal benefits by filing false Form 1032 on April 7, 2008. The jury acquitted Defendant on Counts Two and Three of the Indictment. Following the jury verdict, Defendant remained out of custody on supervision pending sentencing. Defendant has performed well on supervision with no issues arising from the date of arrest (May 26, 2011) to date, a period of nearly twenty-nine (29) months.

Sentencing was held on September 3, 2013, and Defendant was sentenced to sixteen (16) months imprisonment, followed by three (3) years of supervised release. Judgment and Statement of Reason was entered by the Court on September 6, 2013. (Docs. 48 & 49). Defendant filed a Notice of Appeal on September 6, 2013. (Doc. 50).

Defendant had not yet received notice to self-surrender by the U.S. Marshal Service as of October 14, 2013. (Doc. 55 at 2).

## II.   DISCUSSION

Under § 3143(b), a defendant is detained pending the disposition of an appeal unless certain conditions provided by statute are met. 18 U.S.C. § 3143(b). This presumption for detention places on the Defendant the burden to establish these conditions. Section 3143(b)(1) provides that to support release the judicial officer must find (A) by clear and convincing evidence that the defendant is not likely to flee nor pose a danger to any other person or the community, and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[1] Section 3143(b) further provides that where the condition met falls under § 3143(b)(1)(B)(iv) such that a substantial question of law or fact is likely to result in a reduced sentence to a term of imprisonment less than then total of the time already served plus the expected duration of the appeal process, the judicial officer shall order detention which then shall be terminated at the expiration of the likely reduced sentence.  18 U.S.C. § 3143(b)(1).

---

[1] Defendant has apparently one day time served to date. Defendant was arrested and released on May 26, 2011. (Doc.4, 5.)

Here, Defendant has spent more than twenty-nine (29) months on pre-trial release and supervised release pending designation and voluntary surrender without incident. Therefore, this Court finds by clear and convincing evidence, that Defendant does not pose a risk of flight or danger to the safety of any other person or the community. Additionally, there is no evidence that Defendant has pursued this appeal for the purpose of delay. The Government does not argue otherwise. The Court is not persuaded that the appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or non-custodial sentence. Finally, Defendant's appeal does not raise a substantial question of law likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Defendant was sentenced pursuant to his conviction under 18 U.S.C. § 1920. The language of § 1920 provides that a conviction will be a felony punishable by a sentence of more than twelve (12) months if the amount of benefits falsely obtained by the accused exceeds $1,000.00. A non-felony conviction, on the other hand, may result in a maximum sentence of 12 months. Federal Courts of Appeal reviewing convictions under § 1920 are divided on the question of whether a felony conviction pursuant to § 1920 requires a finding by the trier of fact that the amount falsely obtained indeed exceeded $1,000.00 in accordance with *Apprendi v. New Jersey*, 540 U.S. 466 (1990). In the instant case, the jury did not make such a finding as the issue was not submitted to the jury. *See United States v. Hurn*, 68 F.3d 1359, 1361 (11th Cir. 2004) (Holding that the jury must determine that the amount of benefits falsely obtained exceeds $1,000.00); *Cf. United States v. Tupone*, 442 F.3d 145, 153 (3rd Cir. 2006) (Holding that the $1,000.00 figure does not create an additional element required to be proven for felony liability under § 1920.) However, the Fourth Circuit has yet to weigh in on this issue. This uncertainty as

to the requirements of a felony conviction under § 1920 is the very point on which Defendant bases his appeal. Therefore, his appeal may pose a substantial question of law related to the maximum sentence allowable.

As to the condition set forth in § 3143(b)(1)(B)(iv), Defendant was sentenced to sixteen (16) months imprisonment and three (3) years of supervised release. If successful upon appeal, the statutory maximum to which Defendant could be sentenced for a misdemeanor offense under § 1920 would be twelve (12) months. The median duration for the appellate process is approximately six (6) months.[2] However, the likely reduced sentence on appeal would be twelve (12) months. Thus, Defendant's likely sentence of twelve (12) months is not less than time served plus the expected duration of the appeals process (six (6) months.)

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Continued Release Pending Appeal is **DENIED.**

Signed: November 27, 2013

Richard L. Voorhees
United States District Judge

---

[2] The exact figure for Fiscal Year 2012 was 5.7 months. This is provided at http://www.ca4.uscourts.gov/about-the-court/statistics - "Monthly Statistical Report," at page five, "IV. Median Disposition Time."